IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| 511 INNOVATIONS, INC., § § *Plaintiff,* § § v. § § MICROSOFT MOBILE INC., *et al.*, § § *Defendants.* § § | Civil Action No. 2:15-cv-1525-JRG-RSP  JURY TRIAL DEMANDED |

### PLAINTIFF 511 INNOVATIONS, INC.'S RESPONSE IN OPPOSITION TO DEFENDANTS AVAGO TECHNOLOGIES U.S. INC. AND AVAGO TECHNOLOGIES LIMITED'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2)

Plaintiff 511 Innovations, Inc. ("511 Innovations") hereby responds in opposition to Defendants Avago Technologies U.S. Inc. and Avago Technologies Limited's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) (Doc. No. 26) ("Motion"), respectfully showing the Court as follows.

**I.  INTRODUCTION**

The crux of the Avago Defendants' Motion is that this Court does not have specific personal jurisdiction[1] over the Avago Defendants because the Avago Defendants "do not now and never have had a role in the allegedly infringing conduct."[2]  Motion at 1.  Although the Complaint and the Motion both focus on Avago Accused Products incorporated into Microsoft Products, the Complaint accuses—and the Motion contemplates—all Avago Accused Products, not just those incorporated into Microsoft Accused Products.  Thus, the Avago Defendants

---

[1] 511 Innovations does not allege that this Court has general personal jurisdiction over the Avago Defendants.  *See* Doc. No. 1 ("Complaint"), ¶¶ 10-11 (alleging specific personal jurisdiction over all defendants but general personal jurisdiction only over Defendant Microsoft Mobile Inc.).

[2] "Avago Defendants" refers collectively to Defendants Avago Technologies Limited ("Avago Technologies") and Avago Technologies U.S. Inc. ("Avago US").

boldly and repeatedly assert that they do not make, use, sell, offer to sell, market, or distribute *any* Avago Accused Products in the United States and, specifically, in Texas.

Publicly available evidence belies this assertion:  Avago US offers the Avago Accused Products for sale in Texas through the Internet, and Avago Technologies represents to the U.S. public and the U.S. government that it sells the Avago Accused Products through its global distribution network—including a distributor in Mansfield, Texas.  Thus, both Avago Defendants purposefully direct the Avago Accused Products into Texas, and the Court should deny their Motion.

## II.   FACTUAL BACKGROUND

### A.   511 Innovations's Complaint Accuses All Avago Accused Products, Not Just Those Incorporated Into Microsoft Accused Products.

In its Complaint, 511 Innovations accuses the Avago Defendants of contributing to infringement of U.S. Patent Nos. 7,110,096 B2; 7,397,541 B2; 8,472,012 B2; and 8,786,844 B2 (collectively, the "Asserted Patents").  Doc. No. 1 ("Complaint"), ¶¶ 60, 65, 70, 75.  The Complaint focuses on Avago Accused Products incorporated into Microsoft Accused Products. *See id.*, ¶¶ 27, 59, 64, 69, 74.  However, the Complaint defines "Avago Accused Products" broadly, i.e., "light sensors, including but not limited to APDS-990x sensors, that are made and/or sold, directly or through intermediaries, by the Avago Defendants." *Id.*, ¶ 26.  The Complaint further alleges that the Avago Accused Products—independent of the Microsoft Accused Products—constitute a material part of the invention recited in at least claim 1 of each Asserted Patent and that, at least since the filing and service of the Complaint, the Avago Defendants know the Avago Accused Products to be especially made or especially adapted for use in an infringement of at least claim 1 of each Asserted Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use. *Id.*, ¶¶ 57-58, 62-63, 67-68,

72-73.  Thus, the Complaint accuses *all* Avago Accused Products, not just those incorporated into Microsoft Accused Products.

> **B.     The Avago Defendants Disclaim Involvement With All Avago Accused Products, Not Just Those Incorporated Into Microsoft Accused Products.**

Like the Complaint, the Avago Defendants' Motion and accompanying affidavit focus on Avago Accused Products incorporated into Microsoft Accused Products.  *See, e.g.,* Doc. No. 26-1 ("Anderson Decl."), ¶¶ 11-14, 17-20, 22-23.  However, also like the Complaint, the Motion purports to include *all* Avago Accused Products, not just those incorporated into Microsoft Accused Products.  Indeed, the Avago Defendants repeatedly disclaim any involvement with any of the Avago Accused Products.  *See* Motion at 1 ("Neither Avago Defendant makes, uses, sells, offers for sale or imports into the United States the allegedly infringing products"), 3 ("the Avago Defendants do not now and never have had a role in manufacturing, selling, offering to sell, using or importing into the United States the Microsoft Accused Products *or the Avago Accused Products*") (emphasis added),  8 ("the Avago Defendants do not make or sell the Avago Accused Products"), 9 (the Avago Defendants "have no role in the sale or distribution of the Avago Accused Products . . . neither of the Avago Defendants[] has purposely directed any activities regarding the Avago Accused Products *or* the Microsoft Accused Products towards Texas") (emphasis added), 10 ("neither of the Avago Defendants has any role in the making, using, selling, offering for sale, marketing, distribution or importation into the United States, let alone the State of Texas, of the Avago Accused Products"); Anderson Decl., ¶ 15 ("Avago Technologies and Avago US do not now and have not in the past distributed APDS-990x light sensors or any similar light sensors in the state of Texas.").

### C. Avago US Offers the Avago Accused Products for Sale in Texas Through the Internet.

Although it claims to have no role in selling or offering to sell the Avago Accused Products for sale in Texas, Avago US purposefully directs the Avago Accused Products into Texas through the Internet, namely www.avagotech.com (the "Avago US Website") and www.avagotech-online.com (the "Avago US Internet Store"), both of which are readily accessible from Texas. Avago US administers both the Avago US Website and the Avago US Internet Store. Exs. 1-2.

The Avago US Website contains an "Avago Technologies" logo and a copyright notice by "Avago Technologies."[3] Ex. 3. It states that "Avago offers" integrated light and proximity sensors, including the specifically accused APDS-9900 and APDS-9901. *Id.* The Avago US Website also contains detailed information (including data sheets) about, for example, the APDS-9900 and APDS-9901 and, for each product, a link to "Buy Now." Exs. 4-5.

Clicking the "Buy Now" button seamlessly directs an Avago US Website user to the Avago US Internet Store. *E.g.*, Ex. 6. From the Avago US Internet Store, the user can purchase, for example, both the APDS-9900 and the APDS-9901. Ex. 7. Although the Avago US Internet Store is purportedly operated by Digi-Key Corporation, the "Digi-Key Terms and Conditions" to which a purchaser must agree are the Avago US Website Terms of Use promulgated by "Avago Technologies, U.S. Inc., including its corporate affiliates and subsidiaries." Exs. 7-9. Additionally, the Avago US Internet Store is laid out identically to the Avago US Website, including the same "Avago Technologies" logo and copyright notice. *Compare, e.g.,* Ex. 3-5

---

[3] It is unclear whether "Avago Technologies" in this context refers to Avago Technologies Limited, Avago Technologies U.S. Inc., or both. To the extent Avago Technologies Limited owns or controls, directly or through intermediaries, the Avago US Website or the Avago US Internet Store, Avago Technologies Limited likewise purposefully directs the Avago Accused Products into Texas through those websites.

(Avago US Website) *with* Ex. 7 (Avago US Internet Store).  Thus, Avago US purposefully directs the Avago Accused Products into Texas through both the Avago US Website and the Avago US Internet Store.

### D. Avago Technologies Purposefully Directs the Avago Accused Products Into Texas Through its Texas Distributor.

The Avago Defendants' Motion primarily relies on, but does not identify, "one or more foreign-based, separate, distinct and independent Avago corporations ('Foreign Entities')" that allegedly conduct the manufacture, sale, and distribution of the Avago Accused Products sold to Microsoft.  *E.g.,* Anderson Decl., ¶ 18; Motion at 3-4.  As an initial matter, the Avago Defendants' attempt to "hide behind the corporate veil" is questionable because Avago Technologies files consolidated financial statements that include the accounts of its wholly-owned subsidiaries—that is, 49 of its 51 subsidiaries, including Avago US.[4]  Ex. 10 at 70, Ex. 21.1.

More importantly, however, Avago Technologies purposefully directs the Avago Accused Products into Texas through its Texas distributor.  In its annual report, Avago Technologies represents to the U.S. government and public that it sells its products, including the accused optoelectronic sensors for mobile handset applications, through a "network of distributors globally." Ex. 10 at 6, 8. One of those distributors, Mouser Electronics ("Mouser"), is in Mansfield, Texas.[5]  Ex. 11.  As an "Avago Technologies Authorized Dealer," Mouser offers the Avago Accused Products, including the APDS-9900 and APDS-9901, for sale through its

---

[4] For this same reason, the Avago Defendants' assertion that "Avago Technologies and Avago US derive no direct economic benefit from the sale of APDS-990x light sensors or any similar light sensors incorporated into Microsoft mobile phones, including the Nokia [Lumia] 900" is similarly suspect.  *Compare* Ex. 10 at 70, Ex. 21.1 *with* Anderson Decl., ¶ 14.

[5] Mouser's website is directly accessible from the Avago US Webpage administered by Avago US.  Ex. 11.

5

website. Ex. 12. Thus, as alleged in the Complaint, Avago Technologies "purposefully and voluntarily plac[es the Avago Accused Products] into the stream of commerce with the expectation that they will be purchased by consumers in this forum." Complaint, ¶ 11.

## III. APPLICABLE LAW

Specific personal jurisdiction is based on activities that "arise out of" or "relate to" the cause of action and can exist even if the defendants' contacts with the forum are "isolated and sporadic." *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1200 (Fed. Cir. 2003), *citing Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472-73 (1985). In patent cases, personal jurisdiction is governed by Federal Circuit law. *See Silent Drive*, 326 F.3d at 1201.

The test for whether specific personal jurisdiction exists has two steps. First, the Court determines whether the state's long-arm statute is satisfied. *Silent Drive*, 326 F.3d at 1200. If the state long-arm statute confers jurisdiction, then the Court decides whether exercising jurisdiction satisfies the requirements of federal due process. *Id.* at 1201. Because the Texas long-arm statute reaches as far as the federal constitutional requirements of due process will allow, the analysis of Texas's long-arm statute collapses into the federal due process inquiry. *Variant, Inc. v. Flexsol Packaging Corp.*, No. 6:08-CV-478, 2009 WL 3082581, at *1 (E.D. Tex. Sept. 21, 2009).

The Federal Circuit has adopted a three-factor test for specific personal jurisdiction: (1) whether a defendant purposefully directed its activities at residents of the forum state; (2) whether the claim arises out of or relates to the defendant's activities with the forum state; and (3) whether assertion of personal jurisdiction is reasonable and fair. *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1350 (Fed. Cir. 2003). The plaintiff bears the burden to establish the first two factors, but, upon this showing, the defendant must prove the third factor. *Id.* The

6

Supreme Court has cautioned that the third factor must be applied sparingly: to avoid the exercise of jurisdiction by a court that would otherwise have jurisdiction, a defendant "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Campbell Pet Co. v. Miale*, 542 F.3d 879, 885 (Fed. Cir. 2008), *citing Burger King,* 471 U.S. at 477.

Because the parties have not conducted discovery, 511 Innovations need only make a *prima facie* showing that the Avago Defendants are subject to personal jurisdiction. *See Silent Drive*, 326 F.3d at 1201. As such, the pleadings and affidavits should be construed in the light most favorable to 511 Innovations. *Id.*

## IV. ANALYSIS

### A. The Avago Defendants Have Purposefully Directed Their Activities at Residents of Texas.

Each Avago Defendant has purposefully directed its activities at residents of Texas. Avago US (and perhaps Avago Technologies) markets and sells the Avago Accused Products to Texas residents through the Avago US Website and the Avago US Internet Store, both of which carry the "Avago Technologies" logo and copyright notice, are administered by Avago US, and are readily accessible from Texas. *See* Exs. 1-5, 7, 9. Although the Federal Circuit has not yet defined the standard for minimum contacts via a website, other circuits, including the Fifth Circuit, have adopted the sliding-scale test set forth in *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997). *See Variant*, 2009 WL 3082581, at *2, *citing Litmer v. PDQUSA.com,* 326 F.Supp.2d 952, 956 (N.D. Ind. 2004). Under this test, Avago US "clearly does business over the Internet by engaging in business transactions with [Texas] residents" because it sells the Avago Accused Products to Texas residents via at least the Avago

US Internet Store. *See Mink v. AAAA Dev. LLC*, 190 F.3d 333, 337 (5th Cir. 1999). Thus, Avago US meets the first factor of the personal jurisdiction test. *See id.*

Avago Technologies also meets the first factor because Texas (specifically Mouser) is part of Avago Technologies's "continuous, established distribution channels, which [is] a significant factor supporting the exercise of personal jurisdiction." *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1365 (Fed. Cir. 2012). Through Mouser, Avago Technologies purposefully directs the Avago Accused Products at Texas residents.

### B. 511 Innovations's Claim Relates to the Avago Defendants' Activities Within Texas.

Viewing the Complaint in the light most favorable to 511 Innovations, *see Silent Drive*, 326 F.3d at 1201, the Complaint accuses *all* Avago Accused Products, not just those incorporated into Microsoft Accused Products. *See* Complaint, ¶¶ 26 (defining "Avago Accused Products" to include "light sensors, including but not limited to APDS-990x sensors, that are made and/or sold, directly or through intermediaries, by the Avago Defendants"), 57-58 (alleging that the Avago Accused Products constitute a material part of the patented invention and that the Avago Defendants know the Avago Accused Products to be especially made or adapted for use in infringement and not a staple article or commodity suitable for substantial noninfringing use), 62-63 (same), 67-68 (same), 72-73 (same). Consistent with the Complaint, publicly available evidence shows that the Avago Defendants, directly or through intermediaries such as Mouser, sell or offer to sell the Avago Accused Products in Texas. *See* Exs. 1-5, 7, 9-12.

Because 511 Innovations's claim at least relates to the Avago Defendants' sale and offer to sell the Avago Accused Products in Texas, the second factor of the personal jurisdiction test is likewise satisfied.

## C. Asserting Personal Jurisdiction is Reasonable and Fair.

The Avago Defendants cannot meet their burden to show that asserting personal jurisdiction is unreasonable or unfair. Attempting to do so, the Avago Defendants invoke the five-factor test set out in *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980). Motion at 10-11. *World-Wide Volkswagen*, however, "sometimes serve[s] to establish the reasonableness of jurisdiction upon a *lesser* showing of minimum contacts than would otherwise be required." *Burger King*, 471 U.S. at 477 (emphasis added). Because the Avago Defendants have purposefully directed their activities at Texas residents, they must present a *compelling case* that the presence of some other considerations would render jurisdiction unreasonable. *Id.*

The Avago Defendants fail under either test. To show that jurisdiction in Texas would be unreasonable and unfair, the Avago Defendants allege only that: (1) they have "no role in the making, using, selling, offering for sale, marketing, distribution or importation into the United States, let alone the State of Texas, of the Avago Accused Products"; and (2) Avago Technologies was organized under and exists under the laws of Singapore. Motion at 10-11. Neither of these considerations presents a compelling case for avoiding personal jurisdiction: as shown above, the Avago Defendants have substantial roles in at least selling, offering for sale, marketing, and distributing the Avago Accused Products in Texas; and, though organized under Singapore laws, Avago Technologies is dual-headquartered in Singapore and San Jose, California, USA. Anderson Decl., ¶ 5. Thus, the Avago Defendants' purported showing that exercise of personal jurisdiction over them would be unreasonable or unfair falls far short of a "compelling case."

## V. CONCLUSION

For at least the reasons above, this Court has specific personal jurisdiction over both Avago Technologies Limited and Avago Technologies U.S. Inc.  Thus, 511 Innovations respectfully requests that the Court deny the Avago Defendants' Motion.  In the alternative, 511 Innovations respectfully requests that the Court grant 511 Innovations leave to take jurisdictional discovery, if needed, and to amend its Complaint to address any shortcomings.

Dated:  January 11, 2016

Respectfully submitted,

By: /s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
**THE DAVIS FIRM P.C.**
213 N. Fredonia Street, Suite 230
Longview, TX 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661
Email: bdavis@bdavisfirm.com

*Counsel for Plaintiff 511 Innovations, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a).  As such, this document is being served on all counsel who are deemed to have consented to electronic service.  L.R. CV-5(a)(3)(A).  Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), any counsel of record not deemed to have consented to electronic service are being served with a true and correct copy of the foregoing by email on this 11th day of January 2016.

/s/ William E. Davis, III
William E. Davis, III